IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RITA JAMES, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE WRONGFUL
DEATH HEIRS AND ESTATE OF WILLIAM
R. JAMES,                                                                      PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 3:05CV134-P-A

UNITED STATES OF AMERICA, ET AL.,                                DEFENDANTS.

## ORDER

This matter comes before the court upon The Government's Motion to Dismiss [4-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff filed her wrongful death claim with the Department of Veteran Affairs on or around January 5, 2006. Pursuant to 28 U.S.C. §§ 2401 and 2675, she was supposed to wait until the VA denied the claim or until six months after she filed the claim, whichever came first, to file suit in federal court. Nevertheless, she filed suit prematurely on June 15, 2005. While the Government's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction was pending in her first suit, the plaintiff filed a separate suit on October 28, 2005. The complaint in the second, instant action was identical in all respects to that filed in the first action.

On this day, the court granted the Government's motion to dismiss the plaintiff's first suit with same style but with Cause No. 3:05CV72-P-A because the suit was untimely under 28 U.S.C. §§ 2401 and 2675. The court dismissed that action without prejudice because the court had no subject matter jurisdiction to hear the case in the first instance.

1

It is undisputed that the date upon which the plaintiff's second suit was filed, in and of itself, complies with the requirements of §§ 2401 and 2675 regarding timeliness. The Government, however, argues that pursuant to *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) and *Friends of the Earth v Crown Central Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996), the plaintiff cannot save her suit by filing a separate complaint. The Government posits that this second suit should be dismissed with prejudice and that the plaintiff's claim should be forever barred for her initial failure to file a timely complaint in the first action.

Essentially, the Fifth Circuit in *Oliney* ruled that "[w]hen a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, a second complaint **may** be dismissed ... [and] the district court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy – particularly for the purpose of circumventing the rules pertaining to the amendment of complaints." 771 F.2d at 859 (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)) (emphasis added). The Court in *Friends of the Earth* cited *Oliney* with approval some eleven years later.

The Government also cites the Court's decision in *Reynolds v. United States*, 748 F.2d 291 (5th Cir. 1984) for the proposition that the plaintiff's second complaint should be dismissed with prejudice because of her failure to file her initial complaint in a timely manner.

The circumstances in *Oliney*, *Friends of the Earth*, and *Reynolds* are different from those in the present case. The successive complaints in both *Oliney* and *Friends of Earth* attempted to plead new facts, whereas the instant second complaint is identical to the first complaint. The only difference between the two is when they were filed. Furthermore, neither *Oliney* nor *Friends of the Earth* involved the Federal Tort Claims Act. With regard to *Reynolds*, that case involved an amended

complaint and arguments regarding Fed. R. Civ. P. 15, neither of which are involved in the present case.

The court concludes that the Government's motion to dismiss this entire action as lacking subject matter jurisdiction should be denied for four reasons. First, the court dismissed the plaintiff's first case without prejudice given it did not have the subject matter jurisdiction to dismiss it with prejudice. Thus, the first case effectively does not exist. Second, the instant case was filed in a timely manner under 28 U.S.C. §§ 2401 and 2675. Third, the rule enunciated in *Olivey* and later in *Friends of the Earth* appears permissive in nature given the phrase "a second complaint **may** be dismissed." Finally, the plaintiff did not file her second complaint to "expand the procedural rights [s]he would otherwise enjoy" but rather to aid her substantive rights.

The Government's motion also seeks dismissal of Defendants Department of Veteran Affairs and the Veterans Affairs Medical Center of Memphis, Tennessee because under the FTCA, the United States of America is the only proper party capable of being sued rather than the individual governmental entities. Because the court has concluded it possesses subject matter jurisdiction in this case, the court concludes that the claims against the Department of Veteran Affairs and the Veterans Affairs Medical Center of Memphis, Tennessee should be dismissed with prejudice pursuant to 28 U.S.C. § 2679(a).

As a matter of policy, the court highly doubts that it was the intent of Congress to allow a prematurely filed suit to forever bar a claim against the Government – as opposed to a suit filed after the statutory deadlines contained in 28 U.S.C. §§ 2401 and 2675. Such a result certainly would run afoul of a plaintiff's due process rights.

3

Thus, the plaintiff's claims against the United States of America and John Does One through Ten remain.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The United States of America's Motion to Dismiss [4-1] is **GRANTED IN PART AND DENIED IN PART**;

(2) The motion is denied insofar as it seeks to dismiss this entire action under Fed. R. of Civ. P. 12(b)(1) for lack of subject matter jurisdiction; and

(3) The motion is granted insofar as the plaintiff's claims against Defendants Department of Veteran Affairs and the Veterans Affairs Medical Center of Memphis, Tennessee are **DISMISSED WITH PREJUDICE** since under the Federal Tort Claims Act The United States of America is the only proper party capable of being sued.

**SO ORDERED** this the 12th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE